|  |  |
|---|---|
| 43 | 395 |
| 83 | 306 |

STATE vs. PARISH and NICHOLS.

CRIMINAL LAW.    *Plea of former conviction where judgment on such conviction was improperly arrested on defendant's motion.*

1. Where, after arraignment and plea of not guilty to an information or indictment, the venue is changed, and, in sending the record to the court where the trial is had, that part of it relating to the arraignment and plea is omitted, this will not invalidate a judgment against the defend-

State vs. Parish and Nichols.

ant upon a verdict of guilty; but the omitted portions of the record may be supplied by order of the court in which the cause originated, and, on writ of error, the appellate court would consider the whole record.

2. If, after a verdict of guilty in such a case, judgment is arrested on the ground that there has been no arraignment and plea, and the accused is remanded to answer a new information for the same offense in the court where the action was commenced, and there pleads *autrefois convict* to such new information, such plea is good, the accused having been once *put in jeopardy* for the offense.

3. The order arresting judgment on the first trial does not set aside the verdict therein; and while that stands, the record shows defendant's former jeopardy; and his motion in arrest is *not a waiver* of his right to plead such jeopardy; though it would be otherwise if the verdict had been vacated on his motion.

4. The order in arrest for alleged insufficiency of the record is not conclusive that such record is fatally defective; but the court in which the plea of *autrefois convict* is pleaded, must determine for itself the sufficiency of such former record.

REPORTED from the Circuit Court for *Crawford* County. An information against the defendants was filed in the circuit court for Crawford county, charging them with the crime of robbery. The record in that court shows that the defendants were arraigned on the information, and pleaded not guilty. On application of the defendants, the place of trial was changed to Vernon county. The defendants were tried in the circuit court for that county, and found guilty of the crime charged. In transmitting the record to that court, the clerk of the circuit court for Crawford county omitted to send that portion which showed the arraignment and plea of the defendants; but the omission was not discovered until after the verdict. The defendants moved that judgment on the verdict be arrested for certain alleged defects in the information, and because they had not been arraigned and had never pleaded to the information. The court held the information sufficient, but arrested judgment for want of arraignment and pleas, and remanded the defendants to the custody of the sheriff of Crawford county, to answer a new information for the same offense.

Another information against the defendants for the same offense (the same being a literal copy of the first information) was thereupon filed by the district attorney in the circuit court for Crawford county. The defendants, upon being arraigned in that court upon the last information, interposed thereto a plea of *autrefois convict*, in which the above facts are substantially stated. The court held the plea insufficient, and the defendants were tried on the last information, and convicted. The circuit judge reported the case to this court pursuant to the statute (R. S., ch. 180, sec. 8), for the purpose of obtaining the opinion of this court upon the sufficiency of the plea.

The precise question submitted is, Can the defendants lawfully be put upon their trial on the last information for the same offense of which they were so convicted in the circuit court for Vernon county?

*O. B. Thomas*, for the defendants, argued that they could not be twice put in jeopardy for the same offense (Const. of Wis., art. I, sec. 8); that the plea of *autrefois convict* is a good plea in bar, though no *judgment* was ever given (4 Black. Com., 336; *Wetherel v. Darly*, 4 Coke, 40; *Lee v. The State*, 26 Ark., 260; *State v. Norvell*, 2 Yerg., 24; *People v. Barrett*, 2 Caines, 304; *People v. Goodwin*, 18 Johns., 202; *Shepherd v. People*, 25 N. Y., 418; *Dyer v. Comm.*, 23 Pick., 404; Cooley's Con. Lim., 326–7); that in *People v. Casborus*, 13 Johns., 351, relied on by the state, the former indictment and trial were held no bar, expressly upon the ground that it would be presumed that the arrest of judgment was for defects in the indictment, implying that when the indictment is sufficient the conviction is a bar, though no judgment be given upon it; and that the case is therefore an authority to sustain the plea here, the circuit court for Vernon county having expressly adjudicated that the information was sufficient. 2. That defendants' motion in arrest of judgment was not a *waiver* of their right to this plea, especially as they state in

their plea that at the time of such motion they had forgotten that they had ever been arraigned or pleaded; that the state cannot require accused persons, at their peril, to remember for themselves, and to keep the state and its courts informed of facts appearing of record, or take advantage of its own blunders and omissions, or the blunders and omissions of its officers, to deprive the accused of their constitutional exemption from liability to a second jeopardy for the same offense. *Shepherd v. People*, 25 N. Y., 418.

A brief was filed for the state by *Wm. H. Evans*, district attorney of Crawford county. He contended, 1. That where the record does not show issue joined between the state and the defendant, judgment should be arrested. N. C. Rep. and Taylor, 122; 7 Ohio, 598; 1 Archb. Cr. Pr., *671; 4 Black. Com., 375; Whart. Cr. Law (ed. of 1846), 617. 2. That the decision of the court arresting judgment is final. 1 Bish. Cr. Law, 877. 3. That the effect of such arrest of judgment is to place the accused in the same position as before the information was filed. 1 Archb., 672, and note; *State v. Heas*, 10 La. An., 195, 197; *State v. Thomas*, 8 Rich., 295, 298. 4. That defendants waived their constitutional right by their motion in arrest of judgment. 1 Whart., 591, and cases there cited; 1 Bish. (ed. of 1868), 840–48; 2 Ala., 102, 105–7. 5. That defendants cannot take advantage of their own fraud in making affidavit that they had never been arraigned or pleaded. 1 Bish., 851–53. 6. That after arrest of judgment, defendants cannot be considered as having been legally in jeopardy. 1 Archb., 373; 1 Barb. Cr. Law (2d ed.), 373; 1 Colby's Cr. Law, 285, 386–8; 13 Johns., 351; Cooley's Con. Lim., 327–8; Story on Con., 546. 7. That there must be a judgment on the verdict of guilty before defendants can plead *autrefois convict*. 1 Whart., 540; 2 Starkie's Cr. Pl., 311.

*Alex. Wilson*, Attorney General, to the point that the defendants could not be considered to have been legally in jeopardy, and could not plead the former conviction in bar of the

subsequent information, cited *Bland v. People*, 3 Scam., 364; *People v. Casborus*, 13 Johns., 351; *People v. McKay*, 18 id., 217; *Joy v. The State*, 14 Ind., 147; 1 Chitty's Cr. Law, 304, 664; Barb. Cr. Law, 372; 1 Colby's Cr. Law, 388; Cooley's Con. Lim., 328. In states where the erroneous judgment of arrest cannot be called in question, the prisoner's jeopardy has ceased at his own request, and for his own benefit, and he may therefore be proceeded against anew. 1 Bish. Cr. Law, § 1000, note 4, and cases there cited.

LYON, J. If the defendants were put in jeopardy of punishment by their trial and conviction in the circuit court for Vernon county, on the first information, they cannot lawfully be tried on the last information for the same offense. Const., art. I, sec. 8.

For the purposes of the case, it will be assumed that had the defendants been tried on the first information without arraignment or pleas, they were not thereby put in jeopardy of punishment, and such conviction would be no bar to another information for the same offense. It thus becomes unnecessary to refer to the numerous cases bearing upon that proposition which were cited by counsel.

But the defendants had been duly arraigned upon the first information, and had pleaded thereto, before they were put upon their trial in Vernon county. Those facts appeared in the record of the case, although not in that portion which was transmitted to Vernon county. The judge of the trial court looked into that portion of the record which was accessible to him, and finding there no evidence that the defendants had been arraigned or had pleaded to the information, he arrested judgment. Inasmuch as the judge determined that the information was sufficient, had the whole record been before him, doubtless he would have pronounced judgment pursuant to the verdict.

What is the legal effect of the failure of the proper officer

in Crawford county to transmit the whole record to the circuit court of Vernon county? How does such failure affect the question of jeopardy? Had the whole record been so transmitted, it could not be doubted that the trial and conviction of the defendants upon the first information was a putting in jeopardy of the defendants, within the constitutional signification of that term. Is the jeopardy removed because a public officer (innocently no doubt) failed to do his duty, and transmitted to the trial court only a part of the record? We think not. The question of jeopardy must be determined from the whole record, whether the record be in the trial court or in the court in which the information was first filed, or whether a portion of. it is in one court and the residue in the other. The record is an entirety, and no unauthorized severance of it can operate to deprive the defendants of any right which, otherwise, they would have.

The omitted portion of the record might have been supplied by an order of the circuit court for Crawford county, and such an order would have been made on application of the district attorney. Now, suppose the trial court had overruled the motion in arrest, and had rendered judgment pursuant to the verdict, and the omitted portion of the record had afterwards been thus supplied. On writ of error, this court, with the whole record before.it, would necessarily affirm the judgment. This is a fair test to apply in solving this question of jeopardy; for it must be that the defendants were in jeopardy of punishment on the first trial when this court would thus sustain the judgment upon the verdict. Again, suppose the Vernon county jury had returned a verdict of not guilty. Can it be doubted for a moment that a plea of *autrefois acquit* to the last information, setting out all the proceedings in the case, would be a good plea in bar? If that would be a good plea, the plea of *autrefois convict* is also a good plea, for it rests on the same principles.

But it is claimed by the learned attorney general, that the

defendants were not in jeopardy because the judgment was arrested, and that it is quite immaterial whether it was properly or improperly arrested. If this position is well taken, it is so because either, 1. The motion in arrest operates as a waiver of the jeopardy; or, 2. The order arresting judgment is conclusive of the proposition that the record was insufficient to support the verdict.

We think the motion is not a waiver of the right to plead the former jeopardy. The order arresting judgment does not set aside the verdict. That remains a part of the record, and we see no good reason why the defendants may not be heard to allege at all times that such record shows they were in jeopardy of punishment for the offense charged in the information. If any case holds the contrary, we are not willing to follow it. Had the verdict been set aside on motion of the defendants, there is no doubt of the power of the court to order another trial on the same information; but the distinction between setting aside a verdict, and arresting a judgment leaving the verdict intact, is obvious. When a verdict of guilty in a criminal case is set aside, all the proceedings on the trial are necessarily set aside and vacated with the verdict. So when the verdict is set aside on motion of the accused, and he afterwards alleges that the trial and verdict put him in jeopardy of punishment, it may well be replied that the portions of the record by which alone the jeopardy can be proved, have been set aside and vacated at his request, and that he has thereby deprived himself of the means of proving his allegation of jeopardy. But here no such reply can be made, for, as already observed, the record of the trial and verdict remains intact.

To the proposition that the order arresting judgment for the alleged insufficiency of the record is conclusive that the record is fatally defective, some cases are cited which seem so to hold. But the contrary has been held in other cases, and we think the latter are supported by the better reasons. It

seems to us inevitable that the court which is called upon to decide upon the sufficiency of such a plea must determine for itself whether the jeopardy has existed; and, to do so, it must necessarily pass upon the sufficiency of the record on which the plea is founded, independently of the rulings of the court in which the former trial was had. For a very satisfactory discussion of this subject, see *State v. Norvell*, 2 Yerg., 24.

It should be observed, however, that the judge before whom the defendants were first tried could not determine that the defendants had not been arraigned, and that they had not pleaded to the information, but only that the fragment of a record on file in his court did not show any such proceedings. Whatever may be the form of the order arresting judgment, he could determine nothing beyond that.

The district attorney, who argued this case with the attorney general, maintains that there must be a judgment on the verdict before the defendant can successfully plead *autrefois convict*. There may be some old cases which so hold, but we understand the rule to be well settled in this country to the contrary. A plea which shows that the defendant has once been in jeopardy for the same offense must necessarily be a good plea, and, by all of the authorities, if the indictment or information is sufficient and the proceedings regular, the jeopardy commences when the jury are impaneled and sworn and charged with the deliverance of the accused. This general rule is subject to certain exceptions, none of which are mentioned here. For the rule and exceptions, see Cooley's Con. Lim., 326–8, and cases cited in the notes.

It is conceded that the first information was sufficient. The record shows that all of the proceedings which resulted in the conviction of the defendants on that information were regular. Had judgment been rendered pursuant to the verdict, it would have been a valid judgment. It must be held, therefore, that the defendants were put in jeopardy of punishment by their trial on the first information, and hence, that their special plea

to the second information was sufficient, and should have been sustained as a good plea in bar thereto. The truth of the plea being admitted, it follows that the question whether the defendants can lawfully be tried on the last information must be answered in the negative.

*By the Court.* — It will be so certified to the circuit court.