[Civil No. 136. Filed June 1, 1886.]

[S. C. 11 Pac. 108.]

J. E. SOLOMON, Plaintiff and Respondent, v. J. H. NOR-
TON, Defendant and Appellant.

1. VENUE—APPEAL AND ERROR—CHANGE OF VENUE UPON CREATION OF
NEW COUNTY—APPEARANCE WITHOUT OBJECTION WAIVES QUESTION
AS TO WHETHER CHANGE WAS AUTHORIZED—LAWS 1881, p. 156,
*cited.*—Where an act, *supra,* provides for the creation of a new

county, and further provides that causes may be removed from the court wherein pending to the court in such new county, it is too late for party to object upon appeal to an order transferring the cause, he having appeared in such latter court without objection.

2. CONTINUANCE—GRANTING MATTER OF DISCRETION—NEW TRIAL—SURPRISE UNDER COMP. LAWS 1877, p. 438, par. 2631, subd. 3—SHOWING OF DILIGENCE INSUFFICIENT TO JUSTIFY INTERFERENCE WITH DISCRETIONARY RULING OF TRIAL COURT.—Where a motion for new trial is made on the ground of surprise, under the statute, *supra,* and for failure to grant a continuance and it appears that the cause has been pending for a great length of time, and that no written application for continuance was made, and that there was no showing as to diligence and cause of absence of one defendant, as well as an unsatisfactory showing as to the sickness of the other the court will decline to interfere with the exercise of discretion by the district court in refusing to continue the cause or grant a new trial therein.

3. FINDINGS OF FACT—COMP. LAWS 1877, p. 436, par. 2618, CITED—PRACTICE—MANNER OF RAISING OBJECTION FOR INSUFFICIENCY—MUST BE RAISED BELOW—REVIEWED AND HELD SUFFICIENT.—Where there is an objection that there are no findings of fact in compliance with the statute, *supra,* and it appears that there are meager findings, and the record shows that the objection was not raised on motion for new trial or otherwise below, nor was the judge asked to make them more complete, the findings filed are sufficient, and authorities to the point that there must be findings have no application.

4. JUDGMENT—PRESUMPTION IN FAVOR OF REGULARITY—WHERE RECORD IS NOT CERTIFIED TO AS COMPLETE AN OBJECTION THAT CAUSE WAS NOT AT ISSUE WILL BE DISREGARDED THOUGH THE TRANSCRIPT BE SILENT AS TO WHETHER ANSWER OR PLEA WAS EVER FILED.—Where it is urged that the judgment is erroneous because no plea or answer was ever filed, and the transcript is silent upon the question but is not certified to as being completed, the presumption in favor of the regularity of the judgment will induce the court to disregard the objection.

Porter, J., dissenting, upon the question of abuse of discretion in the district judge not granting the continuance.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Graham. Affirmed.

The facts are stated in the opinion.

Haynes & Styles, for Appellants.

The statute in regard to removals was entirely ignored, and the case was ordered transferred on the *ex parte* oral motion of plaintiff without the knowledge or consent of defendants or their attorneys. The transfer of a cause must be made in the manner prescribed by the statute; Wells on Jurisdiction, Sec. 126; failing to comply with the statute no jurisdiction passes.

The defendants did not waive the point of want of jurisdiction, by failing to make objection to proceeding. "Nothing but an actual removal in accordance with the statute can impair an already attached jurisdiction." Wells on Jurisdiction, Sec. 126.

The case was tried by the Court without a jury, and the court was required to find and state the facts and the law separately. Compiled Laws, Chap. 48, Sec. 182. There being no findings of fact to sustain the judgment, the judgment was erroneous and should be reversed. *Dowd* v. *Clarke*, 51 Cal. 262; *Speegle* v. *Leese*, 51 Cal. 415; *Watson* v. *Cornell*, 52 Cal. 91; *Thompson* v. *Corpstein*, 52 Cal. 653; *Billings* v. *Everett*, 52 Cal. 661; *Kennedy* v. *Berry*, 52 Cal. 87; *Swift* v. *Canavan*, 52 Cal. 417; *Baggs* v. *Smith*, 53 Cal. 417; *Dilla* v. *Bohall*, 53 Cal. 709; *Taylor* v. *Reynolds*, 53 Cal. 687.

J. A. Zabriskie, and J. A. Anderson, F. H. Hereford and Miles Vance McCune, for Respondents.

The order for removal will be presumed to have been made on a proper showing. No answer had been filed by the defendants in four years. The plaintiff was clearly entitled to judgment when the case was called up; and the defendants had no right to a continuance, there was no issue to which the evidence could be material that they proposed to produce at the next term.

There being no issue joined it was unnecessary to make any finding of facts. *Taylor* v. *Palmer*, 31 Cal. 240; *Swift* v. *Maygridge*, 8 Cal. 445.

SHIELDS, C. J.—This suit was commenced before a justice of the peace of the town of Seaford, Pima county, in 1879, and judgment rendered, by default, November 15, 1879, for the sum of $295. The cause was thereafter regularly appealed by defendants to the district court of Pima county. In 1881 an act was passed by the territorial legislature creating the county of Graham out of portions of the counties of Pima and Apache. By this act all actions, of whatever kind or nature, pending in the district and probate courts in Pima or Apache counties, where the subject-matter or property in controversy is situated within the new county of Graham, shall be transferred to the proper court of said county for trial, after the same shall have been established, and it is hereby made the duty of the respective clerks of the counties of Pima and Apache, immediately upon the appointment and qualification of the district and probate courts of said county of Graham, to transmit to the clerks of the corresponding courts in the county of Graham all papers and pleadings in said actions, together with a complete certified copy of all the entries relating thereto appearing upon the records of their respective courts, when the title to real estate is involved; and in all actions pending in said respective courts in the counties of Pima and Apache wherein one of the parties is a resident of the county of Graham, where both parties consent thereto, the same shall be transferred to Graham county for trial. Laws 1881, p. 156.

Under this act the district court of Pima county, on the application of the plaintiff, and on the sixth day of October, 1883, ordered the cause to be sent to the district court of the county of Graham for trial.

The defendants and appellants insist that this order was unauthorized, because on the oral application of the plaintiff, and without their knowledge. This is the first ground of error alleged. It is unnecessary now to decide whether these objections, where a party is entitled to insist upon them, should prevail or not. There is abundant in the record to show that these defendants consented to the transfer from Pima to Graham. There was no objection made in either county to the transfer. Upon the contrary, the record discloses the fact that the defendants appeared in the district

court for Graham county, and asked for a continuance of the cause, but there is nothing to show that they hinted even that the case was not regularly and properly for trial in Graham county.

The district court, in the findings of fact filed, recites that "the cause came on regularly for trial the twelfth day of November, A. D., 1883, before the court without a jury, having been duly waived by the respective parties; Hereford & Zabriskie appearing as attorneys for plaintiff, and S. M. Franklin for defendants." In the motion for a new trial that was made by the defendants immediately after the rendition of judgment against them, the point is not made or raised that the district court of Graham county did not have jurisdiction. From the foregoing facts it is too plain to admit of doubt that the defendants not only made no objection to the trial of the cause in Graham county, but consented thereto. Under such circumstances, they cannot now at this time be permitted to say that the transfer of the cause to Graham county was unauthorized. *Truesdail* v. *Ward*, 24 Mich. 117; *Cook* v. *Perry*, 43 Mich. 623; 5 N. W. 1054; *Berresford* v. *Gedes*, L. R. 2 C. P. 285; 1 Burrill, Pr. 69-71.

The next point urged for error is that the district court was guilty of an abuse of discretion in not continuing the cause. If we were satisfied that such was the fact, we should not hesitate to order a new trial; but courts of last resort should be very careful in setting aside a judgment for this cause. It is urged by the eminent counsel who now look after the case in this court for the defendants that under paragraph 3, c. 48, § 195, Comp. Laws, the district court should have granted a new trial. This is the provision of the Compiled Laws with reference to new trials; and in the paragraph cited it is provided that a new trial may be granted for "accident or surprise which ordinary prudence could not have guarded against." The facts upon which the application in this regard was founded, as stated in the affidavit of Mr. Franklin, at that time the attorneys for the defendants, were that the defendants were not aware that the cause had been set for trial; that one of the defendants was sick, and that the other was in attendance on a grand jury in Cochise county. The reason that the defendants were not aware

when the cause was set for trial is stated in the affidavit of Mr. Franklin to be that he was called away from court in Graham county on business elsewhere, and in his absence the cause was set for trial. These were the facts upon which the court below was asked to grant a new trial on the ground of accident or surprise which ordinary prudence could not have guarded against, and upon which we are asked to say that the refusal of the district court to grant the new trial asked was an abuse of discretion. We do not think we should interfere. The great length of time that the cause has been pending, the fact that no written application for a continuance was made, the entire absence of any showing whatever as to diligence and the cause of absence of one of the defendants, as well as the unsatisfactory showing as to the sickness of the other, induce us to decline to interfere with the exercise of discretion by the district court in refusing to continue the cause or grant a new trial therein.

The next ground of error alleged is that there were no findings of fact filed by the court below in accordance with Comp. Laws, *c.* 48, § 182. But there certainly was a finding of fact. It may not be very full or complete, but the nature of the case hardly required that it should be. The district court certainly undertook and supposed it had complied with this statute, and found both the facts and conclusions of law separately. Neither in the motion for new trial nor otherwise was the point now made raised, or the judge asked to make his findings of fact more complete. The court in its findings, after reciting the submission of the cause on the appearance of the parties by their respective attorneys, and the waiving of trial by jury, then states, "and from the evidence introduced the court finds the facts as follows, to-wit." Then follows a brief statement of the facts, and then the findings conclude as follows: "And as a conclusion of law from the foregoing facts the court finds that plaintiff is entitled to judgment for the sum of $422.25, and costs of suit, and that judgment be entered accordingly." The authorities cited by the learned counsel for defendants, to the effect that there must be a finding of facts have no application here; for in this case there was a finding of facts, as the foregoing shows. *Douglass* v. *State,* 43 Wis. 395.

Only one thing further is discussed in the brief, and a word will suffice for that. It is said that the judgment is erroneous because no plea or answer was ever filed by the defendant. This reference in the brief seems to be the first time that this point was ever raised, although the suit has been pending eight years and more. The transcript is silent on the question of whether any plea or answer was filed by defendants, but it does not assume to set out the entire record and proceeding. The certificate of the clerk of Pima county is that the papers furnished by him were copies "of all the orders and proceedings had and noted in said court;" and then he proceeds to state why he cannot give a correct transcript of the cause. The certificate of the clerk of Graham county simply recites that the copies of papers attached to the certificate were copies of the original papers on file, but does not certify that they are all of the papers on file. Under such circumstances, the presumption in favor of the regularity of the judgment would induce us to disregard the objection now made. Besides, both parties, in all the proceedings had in the case for all these years, have treated the cause as properly at issue and ready for trial. There is nothing in this objection.

The judgment is affirmed.

Barnes, J., concurring.

PORTER, J.— (dissenting.) I dissent from the opinion of the majority of the court, for the reason that defendants did not have a fair chance for the presentation of their case to the court; that there was an abuse of discretion in the district judge in not granting the continuance. It appears that the cause was placed on the calendar Saturday, the tenth day of November, 1883; that the attorney for defendant was called away by important business, but returned on Monday, the 12th, in time for session of the court; that on inquiry that morning, plaintiff's attorney told him the cause had not been set for trial; that on or about 3 o'clock P. M. of said day the cause was called by the court for trial; that the court was informed of foregoing facts; that there is no record upon the minutes of the court showing that said

cause was set for trial till nineteenth of said month. The court amended the minutes of the tenth of November, *nunc pro tunc*, as follows: "That this cause be set for trial November 12, 1883, the clerk having omitted to make the entry on the minutes; and, further, it appeared on the motion for continuance (a written motion and affidavit being waived by attorneys for plaintiff, as stated in the attorneys' affidavit) that J. H. Norton and M. W. Stewart were absent witnesses,—the former being sick and the latter in attendance on the grand jury in another county, by whom it was expected to prove that there was no contract for delivery of barley by plaintiff to defendant, or either of them, as claimed in plaintiff's complaint, or otherwise."

These facts constrain me to say there was evidently an abuse of discretion, and therefore I cannot concur.