[Civil No. 204.   Filed January 17, 1888.]

[S. C. 16 Pac. 271.]

McALLISTER & McCONE, Plaintiffs and Respondents, v. THE BENSON MINING AND SMELTING COMPANY, Defendant and Appellant.

1. Appeal and Error—Record—Failure to Assign Error—Comp. Laws Ariz. 1877, p. 461, par. 2776-80 Construed—Dismissal.— Where the statement of the case is not certified in compliance with the statute, *supra*, only error in the judgment roll can be considered, upon which, there being no errors assigned, the appeal will be dismissed.

2. Default—Setting Aside—No Abuse of Discretion.—There is no abuse of discretion in the judge setting aside a default upon condition that the defendant go to trial immediately.   Porter, J., dissenting.

3. Mechanic's Lien—Smelter Within Statute.—A smelter is a "mill or manufactory" within the intent and meaning of the statute concerning mechanic's liens.

APPEAL from a Judgment of the County Court in and

for the County of Cochise.   Webster Street, Judge.   Appeal dismissed.

The facts are stated in the opinion.

Allen R. English, and Geo. G. Berry, for Appellant.

The court erred in denying defendant's motion for a continuance. The affidavit for continuance was sufficient. Chap. 48, Sec. 160, Comp. Laws. The counsel for plaintiff did not dispute the sufficiency of the affidavit for continuance. The sufficiency of the affidavit not being questioned, the case should have been continued as a matter of course. *People* v. *Brown*, 54 Cal. 242; *Beatty* v. *Sylvester*, 3 Nev. 228; *Choate & Brown* v. *Mining Co.*, 1 Nev. 73; *Turner* v. *Morrison*, 11 Cal. 22; *Alexander* v. *Byron*, 2 John. Cas. 318 et seq.; *People* v. *Brown*, 54 Cal. 243; *Black* v. *Appolonio*, 1 Mont. 342; *Hirsh* v. *Ferris*, 1 Colo. 403; *People* v. *Dodge*, 28 Cal. 447; *People* v. *Francis*, 38 Cal. 185; *Territory* v. *Kinney*, 3 N. Mex. 369, 9 Pac. 599, 9 West Coast Rep. 268; *People* v. *Lee*, 8 Pac. (Cal.) 239; *State* v. *Marshal*, 19 Nev. 240, 6 Pac. 672.

The court erred in decreeing the existence and subsistence of a lien which was and is not either at common law or under the statute, on such property, subject thereto. The law reads "manufactory," "mill," or "hoisting works." Laws Ariz. 1885, act 93, sec. 21. While mechanics lien laws should receive a liberal construction, yet the act will not subject property to a lien unless particularly enumerated therein.

Goodrich & Smith, for Respondents.

There was no abuse of discretion in refusing time to answer and certainly none where default was set aside on the express agreement that the rights of the parties should be immediately litigated. We have signed no stipulation that this is a full and correct transcript on appeal. The clerk can certify to papers filed, but certainly cannot certify as to what actually occurred at the trial. The Benson Smelter

is a "mill or manufactory" within the meaning of the Statute. The proposition is too plain for argument.

The objection to the affidavit for continuance is perfectly patent. It does not show who the witnesses are, that they ever were in Arizona, or that any of them know anything about reasonable charges in Arizona for this class of work. The evidence relied on is "expert" testimony. A continuance is never granted except to obtain facts within the knowledge of the witnesses. No ground for continuance was shown.

The statement on motion for new trial was never agreed to by us, nor has it been signed by the Judge. There is no showing of service of such statement on us. The statement is incorrect. It cannot under any authority, be considered by this court. The alleged statement on appeal, or on motion for new trial, is therefore no part of this record. This appeal then, is simply from the judgment roll. *De Johnson* v. *Sepulbeda,* 5 Cal. 149; *Loucks* v. *Edmondson,* 18 Cal. 203; *People* v. *Pacheco,* 27 Cal. 107; "The appeal will be dismissed unless the statement is agreed to by the attorneys of the respective parties or settled and authenticated by the court." *Cosgrove* v. *Johnson,* 30 Cal. 509.

WRIGHT, C. J.—This was a suit brought in the district court of Cochise county, for the foreclosure of a mechanic's lien. With the transcript on appeal is a paper, signed by appellant's attorney, which purports to be a statement on motion for a new trial; but it has no certificate showing that it was agreed to as correct, by the respective parties, or their attorneys, nor is there any certificate annexed thereto showing that the same was allowed by the judge, and was correct. No copy of this paper was served on the appellees, or their attorneys, so that there is really nothing here for this court to review. On appeals from original judgments, or orders, of trial courts, where there is no statement, appellate courts can only consider matters appearing in the judgment roll, and, as there was no assignment of errors on that, the appeal in this case will have to be dismissed.

The Revised Statutes of 1877, of this territory, are sub-

stantially the same as the California statute. The supreme court of that state have passed upon this question repeatedly, and have settled it beyond peradventure. In *Cosgrove* v. *Johnson*, 30 Cal. 510, Judge Sanderson, uses this language: "The statute prescribing the practice in motions for new trials is plain and simple, and there would seem to be no good reason why cases should be brought to this court upon a defective record. The moving party prepares his statement, and submits it to the opposite party. If satisfactory to him, they add a certificate, which they sign, that it is correct and agreed to by them. If not, he proposes amendments, and submits them to the moving party; and if they are accepted by him, the statement is engrossed accordingly, and to the engrossed party a certificate is added and signed by them, to the effect that the statement is correct and agreed to by them; if they cannot agree, the statement and proposed amendments are submitted to the judge, who allows or disallows, according to the circumstances. After the judge has thus determined what shall constitute the statement, it is engrossed accordingly, and a certificate added that it is correct, and, if not signed by counsel, must be signed by the judge. Nothing can be regarded by us as a statement which is not authenticated in one of these modes. There is nothing, therefore, in the record in this case to which we can look, except the judgment roll, upon which no errors are assigned."

We might observe by the way, that the judgment below seems to have been correct. There was certainly no abuse of discretion in the judge setting aside the default upon condition that defendant go to trial without delay. We think there can be no doubt but defendant's property was a "mill or manufactury," within the intent and meaning of the statute concerning mechanics' liens. Neither do we think there was any abuse of discretion in denying defendant's application for a continuance.

It would be useless, however, to consider these questions further, as, for the reasons stated, the appeal will be dismissed. It is so ordered.

Barnes, J., concurring.

PORTER, J.—I cannot agree with the court upon the question of refusal to grant the continuance. In *Solomon* v. *Norton*, 2 Ariz. 100, 11 Pac. 108, I had occasion to dissent, "for the reason that defendants did not have a fair chance for the presentation of their case to the court; that there was an abuse of discretion in the district judge in not granting the continuance." In the case at bar, though the default was set aside, it was of no avail to the defendant, as shown by the affidavit. I think defendant showed sufficient grounds for a continuance, and that there was error in not granting it.