LEWIS A. SCOTT ELLIOT, Respondent, *v.* GEORGE C. WHITMORE and Another, Appellants.[1]

(See *Ex parte Whitmore*, 9 Utah, 441. 35 Pac. 524.)

1. CHANGE OF VENUE.—APPEALABLE ORDER.—JURISDICTION WAIVED.—PRESUMPTION ON APPEAL.—2 Comp. Laws 1888, § 3199, authorizes the court to change the place of trial to the nearest court when the parties do not agree on the court to which the change shall be made. The First District Court on its own motion made an order changing the venue to the Third District Court, being the nearest district court. The attorneys for the respective parties appeared in the Third District Court and consented to a reference. They afterwards appeared before the referee and offered testimony, and the decree was afterwards entered upon such testimony and report made by the referee. Defendants afterwards filed a motion for a new trial and at no time was any objection made to the jurisdiction of the Third District Court. *Held,* that defendants'. objection to the jurisdiction of the Third District Court may not be raised for the first time in this Court; that the right of either party to object to the jurisdiction of the Third District Court was waived; that the order changing the place of trial is an appealable order, and an appeal is the proper remedy to correct such an order; that the record being silent, the presumption is that the parties did not agree as to the court, and that the court changed the venue for sufficient reasons, and that the Third District Court had jurisdiction over both the subject-matter and the parties.

2. DECREE AS TO DISTRIBUTION OF WATER.—Where a court has jurisdiction of the parties and the subject-matter of the suit, it has power to locate on unsurveyed government land a measuring box in a ditch for the distribution of water.

3. BREACH OF INJUNCTION.—POWER OF COURT TO IMPRISON FOR CONTEMPT.—Where a party wilfully and contemptuously violates the decree and injunctional order of the court by remov-

---

[1] Rehearing denied July 27, 1894.

ing a measuring box from a ditch and diverting the water from a stream in excess of the amount awarded him by the decree, the court has power to imprison him for breach of the injunction and violation of the decree until he complies therewith, when it is in his power to cease disobeying the order of the court and to restore the measuring box, and he refuses to do either.

4. APPEAL FROM A CONVICTION FOR CONTEMPT.—No appeal lies from a conviction for contempt for violating a decree and an injunctional order of the court by destroying a measuring box put into a ditch for a distribution of the water and for diverting a greater amount of the water than was awarded the contemnor by the decree. *Ex parte Whitmore,* 9 Utah, 441 (35 Pac. 524), followed, Smith, J., *dissenting.*

(No. 412. Decided June 19, 1894. 37 P. R. 461.)

APPEAL from the District Court of the Third Judicial District, Hon. George W. Bartch, *Judge.*

Application by Lewis A. Scott Elliot for the arrest of George C. Whitmore for contempt of court for violating the decree and injunctional order by destroying a measuring box put in a ditch for the purpose of distributing water, and for diverting the water of the stream in excess of the amount awarded him by the decree. Defendant was found guilty. From the order denying a new trial, he appeals. *Affirmed.*

*Messrs. Brown & Henderson* and *Mr. E. D. Hoge,* for appellant.

Cited *People* v. *Simonson,* 10 Mich. 335; *Ex parte Cohen,* 6 Cal. 318.

*Messrs. Zane & Putnam* and *Mr. C. S. Varian,* for respondent.

The court has made its order adjudging the defendant

guilty of three several acts of contempt.   Two in tearing out the box and a third continuous contempt of violating the injunctional order contained in the decree, prohibiting him from taking more than 67-150 of a cubic foot per second.   The only questions that can be considered on an appeal of this character, if the order is appealable, are whether the acts specified in the adjudication of contempts were contempts, and whether the court has power to punish them.   *In re Prior,* 18 Kas. 72, 26 Am. Rep. 747; *Tolman* v. *Jones,* 114 Ill. 147;  *Patton* v. *Harris,* 15 B. Mon. 607; *People* v. *Sturdevant,* 9 N. Y. 263, 59 Am. Dec. 536; *Howard* v. *Duran,* 36 Ga. 846, 91 Am. Dec. 767;  *Haines* v. *Haines,* 35 Mich. 138; *Dewey* v. *Superior Court,* 81 Cal. 64.   The act which the defendant has committed is a wilful defiance of the authority of the court. The distinction between civil and criminal contempts is the difference between the refusal to perform a mandatory injunction and the doing of an act injurious to the authority of the court or to the other party.   In the former case conviction is appealable; in the latter case it is not. *Phillips* v. *Welch,* 11 Nev. 187.

MINER, J.:

A decree was entered in the Third District Court on the 9th of May, 1893, distributing and dividing the water of Grassy Trail creek between the plaintiff and defendants. By said decree, one W. P. Hardesty was appointed a commissioner of said court to construct a measuring box upon defendants' ditch at some convenient place near the defendants' head gate, so as to definitely measure out the water to each party.   The defendants were perpetually restrained and enjoined from taking from said stream more water than was allowed them by said decree, and were also perpetually restrained and enjoined from in any way altering or changing the flow of water from said measuring box, and from in any

manner changing or altering said measuring box, or the measurements thereof. In defiance of this decree and injunctional order, with full knowledge and in direct violation thereof, the defendant George C. Whitmore, on the 11th and 15th days of June, 1893, wilfully, unlawfully, and maliciously tore out both ends of said measuring box, which was located on unsurveyed · public lands of the United States, so that it would not measure the water, and diverted and took from said stream water in greater quantity than was allowed by said decree. For this alleged violation of the injunction, the plaintiff presented a complaint, on oath, to the Third District Court, and obtained a warrant in attachment in the name of the people of the territory directing the arrest of the defendant, and ordering him to show cause why he should not be punished for contempt of the decree of the court, etc. The defendant filed his answer, and a hearing was had before the court, and thereupon the court found, among other things, that the defendant was guilty of the acts complained of, which acts were contempts of the authority of the court. The court thereupon ordered and adjudged that said George C. Whitmore be confined and imprisoned until he cease diverting from the waters of said stream any quantity larger than 67-150 of a cubic foot of water per second, and until he restore the said measuring box to the same condition in which it was immediately before the doing of the acts of contempt mentioned above, on the 11th day of June, 1893; and that said George C. Whitmore be remanded to the custody of the United States marshal, to be by him imprisoned and confined until the further order of this court. From this order Whitmore appealed to this court, assigning many errors, and no *supersedeas* bond was given.

The first error assigned is that the court had no jurisdiction to render the decree, to make the order above referred to, or to punish for contempt, because the said

cause was first pending in the First District Court (the district where the water was located), and that said court, upon its own motion, transferred said cause to the Third District Court, without any authority therefor. The order of the First District Court reads as follows: "In this case, the court, on its own motion, ordered that this case be transferred to the Third District Court, at Salt Lake City, for further proceedings." After this order was made, the case was transferred to the Third District Court, that being the nearest district court. After this, and on the 13th day of February, 1893, and after said cause was transferred in accordance with said order to the Third District Court, the attorneys for the respective parties appeared in the Third District Court; and on motion of the attorneys for both parties, and by consent and at the request of all, the court ordered that the cause be referred to J. H. Harris, as sole referee, to try all the issues in said cause, and report findings of fact and conclusions of law. In pursuance of said order and stipulation, the parties appeared before said referee, who, without objection, took the testimony offered by the respective parties; a decree was entered upon such testimony, and report so taken and filed.

A motion for a new trial was subsequently made by the appellant Whitmore, and at no time was any objection made to the jurisdiction of the court, or to any of said proceedings growing out of said order changing the place of trial. The objection is made for the first time in this court. Our statute (section 3199, 2 Comp. Laws 1888) authorizes the court to change the place of trial upon its own motion if the parties do not agree, but in that case the cause must be transferred to the nearest court. This question was fully covered and decided in the case of *Ex parte Whitmore*, 9 Utah, 441, 35 Pac. 524. This court held in that case, and under the same state of facts and

upon the same order, that "the presumption follows that the parties did not agree, and that there was good cause known to the judge for transferring the cause to the Third District Court. 2 Comp. Laws 1888, § 3199; *Emery* v. *Hardee,* 94 N. C. 787; *Cartright* v. *Town of Belmont,* 58 Wis. 370, 17 N. W. 237; *Table Mountain, G. & S. Min. Co.* v. *Waller's Defeat S. Min. Co.,* 4 Nev. 222; *Solomon* v. *Norton* (Ariz.), 11 Pac. 108; *Railway Co.* v. *McBride,* 141 U. S. 127, 11 Sup. Ct. 982. It does not appear that any motion was made in the Third District Court to transfer the case. That court was not bound of its own motion to change the place of trial, and the right of either party to try the case in the First District Court was a right that they could waive. *Table Mountain G. & S. Min. Co.* v. *Waller's Defeat S. Min. Co.,* 4 Nev. 222; *Watts* v. *White,* 13 Cal. 321, 324; 2 Comp. Laws 1888, § 3197; *Vaughn* v. *Hixon* (Kan.), 32 Pac. 358; *Solomon* v. *Norton* (Ariz.), 11 Pac. 108; *Railway Co.* v. *McBride,* 141 U. S. 127, 11 Sup. Ct. 982. The order changing the place of trial from the First District Court was an appealable order, and, if erroneous, an appeal was the proper remedy to correct it. 2 Comp. Laws 1888, §§ 3635, 3652; *Clarke* v. *Lyon Co.,* 8 Nev. 181; *Machine Co.* v. *Cole,* 62 Cal. 311; *Gage* v. *Downey,* 79 Cal. 140, 21 Pac. 527, 855. We think the Third District Court had jurisdiction over the subject-matter of the suit, and over the parties thereto."

We think the decision in *Re Whitmore,* above referred to, and cases there cited, are decisive of this question, and that the court had jurisdiction over the subject-matter of the suit and over the parties thereto. Having such jurisdiction, the court had the power to specify and regulate the location of the measuring box upon the defendant's ditch, in question, so that it could effectually carry out and distribute the water in accordance with the decree and order of the court. The fact that defendant's ditch

carried the water in dispute across unsurveyed government land would not abridge the right of the court to locate the measuring box in such convenient and necessary locality on the government land as would effectually control the water for the convenient use of the parties entitled thereto, at the least reasonable expense to the parties.    2 Comp. Laws 1888, §§ 2785, 2779.

In this case the defendant Whitmore was convicted of wilfully and contemptuously violating the decree and injunctional order of the court which restrained him from interfering with or removing the measuring box in the ditch, and from diverting the water of the stream.    The contempt consists in the doing of a forbidden act that was not only injurious to the opposite party, but was a flagrant and contemptuous violation of the express command of the court.    The order that he be confined and imprisoned until he should cease diverting the water of the stream in excess of the amount allowed by the order, and until he restore the measuring box, and until the further order of the court, was within the power of the court to impose.    The record shows that it was within the power of Whitmore to cease disobeying the order of the court, and to restore the measuring box.    He refused to do either.    The contempt first committed was contemptuously continued in the face of the positive order of the court.

It nowhere appears from the record that defendant has performed what he could perform in obedience to the order. If the defendant had complied with the order of the court, and that fact had been made to appear, then it was within the discretionary power of the court to impose a further sentence for the violation of the injunctional order.    The imprisonment imposed would continue until defendant had complied with such order, or made a satisfactory showing to the court that he could not comply with it.    The court

was not called upon to make any further order until this showing was made. *In re Swan,* 150 U. S. 637, 14 Sup. Ct. 225. Many of the questions involved in this case were fully discussed in *Re Whitmore,* 35 Pac. 524, 9 Utah, 441, and for this reason we omit further discussion. We hold now, as we held in that case, that an appeal does not lie to this court from the judgment and conviction for the contempt appealed from. *Id.; People* v. *Owens,* 8 Utah, 20, 28 Pac. 871. The appeal in this case is dismissed; the order and decree of the district court are affirmed; and the appellant is remanded to the custody of the United States marshal, in compliance with the order, judgment, and commitment of the Third District Court, there to abide the further order of that court.

MERRITT, C. J., concurs.

SMITH, J. I dissent, especially upon the holding that the judgment is not appealable.