## WHITE vs. THE STATE.

*Larceny—R. S., ch. 165, sec. 28.*

1. Sec. 28, ch. 165, R. S., applies only to embezzlement by common carriers, and others in like capacity carrying property for hire, and persons who may be entrusted with such property by the carrier to be carried to its destination.

2. A certain count of the indictment in this case (*vide infra*) *held* not to charge any offense.

ERROR to the Circuit Court for *Dodge* County.

The plaintiff in error was convicted on the first count of an indictment, which was in substance as follows: That one William F. Culver, on the 1st of April, 1865, at the city of Milwaukee, delivered and entrusted to him (said *White*) the sum of $300 of the properties and moneys of one Joel Culver, to be carried by said *White* and delivered by him for said William F. Culver, and by said William F. Culver sent to one Charles Clason of Williamstown in Dodge county; and said *White* took into his possession said money, to be so carried and delivered; and afterwards, to wit, on the 1st of April, 1865, at said town of Williamstown, feloniously embezzled and fraudulently converted said money to his own use; "whereby, and by the force of the statute in such case made and provided," said *White* "is deemed to have committed the crime of larceny;" and thereupon it is charged that said *White*, at the time and place before specified, "in manner and form aforesaid, the said money, the property of the said Joel Culver, from the said Joel Culver feloniously did steal, take and carry away," &c.

Motions in arrest of judgment, and to set aside the verdict and grant a new trial, on the ground that the above count did not charge any offense, and on other grounds, were denied; and judgment rendered upon the verdict; to reverse which this action is brought.

*E. P. Smith*, for plaintiff in error, contended that sec. 28, ch. 165, R. S., applies only to common carriers, and others in like capacity (carrying for hire), and those to whom such carriers may have entrusted the goods received by them—in transit to their final destination; citing *Sandiman v. Breach*, 7 B. & Cr., 96; *Commonwealth v. Brown*, 4 Mass., 580, 585; Roscoe's Cr. Ev., 438; *Nichols v. People*, 17 N. Y., 116; *Commonwealth v. Williams*, 3 Gray, 461; *Comm. v. Smart*, 6 id., 15; Barber's Cr. Law, 141; 2 Whart. § 1940 et seq.; *Rex v. Nettleton*, R. & M., 259; 1 Moody, 259.

*The Attorney General*, for the state.

State ex rel. Peacock vs. Orvis.

COLE, J.   The defendant was convicted upon the first count in the indictment.   That count was evidently drawn under section 28, chap. 165, R. S.   But it is clear that this section does not apply to the case.   It only applies to embezzlement by common carriers, and others in like capacity, carrying property for hire, and persons who may be entrusted with such property by the carrier to be carried to its destination.   This is the construction placed upon a similar statute in Massachusetts, and we think it is the correct one.   *Commonwealth v. Williams*, 3 Gray, 461 ; see likewise the case of *Commonwealth v. Smart*, 6 Gray, 15.

Although the indictment shows that the defendant was guilty of a gross breach of trust in appropriating the money to his own use, yet it fails to state an offense under section 28.   And being thus fatally defective, no further proceedings can be had upon it ; but the judgment of the circuit court must be reversed, and the defendant discharged.

*By the Court.*—Ordered accordingly.