DWIGHT W. SMITH, RELATOR v. CIRCUIT JUDGE FOR ST. JOSEPH COUNTY.

*Justices' courts—Transfer of action—Levy on lands—Affidavit of amount due.*

A justice before whom a suit was begun fell sick and directed it to be tried before another justice who had jurisdiction over the subject-matter. *Held*, that as the parties appeared on the adjourned day and tried the case on the merits without objection, they waived all questions of regularity and the judgment was binding.

The amount due on a justice's judgment is a jurisdictional fact in proceedings to levy on land under a transcript of the judgment, but it may be stated in the affidavit for the transcript, required by Comp. L. § 5382, to be filed with the justice, and if so set forth and promptly filed with the transcript in the office of the clerk of the circuit court, it need not be again stated in a separate affidavit to be filed with the clerk as provided in § 5383.

An affidavit of amount due is good if filed without such delay as would give rise to a presumption that payment had been made since it was sworn to, and it is generally good, if filed on the day after it was made.

Mandamus to set aside a sale, levy, execution and judgment based upon a transcript of a judgment by a justice. Submitted June 21. Denied June 22.

*H. H. Riley* for the motion.

*F. W. Knowlton* and *Dallas Boudeman* against.

MARSTON, C. J. The motion made in this case raises two questions. Suit was commenced against the relator before Samuel R. Rockwell, a justice of the peace. On the return day the parties appeared, joined issue and the cause was adjourned by consent. The following entry next appears upon the justice's docket: "On account of sickness W. Fox tries the suit. S. R. Rockwell, J. P." On the adjourned day the parties appeared and the cause was tried, without objection, upon the merits, before Justice Fox, and a judgment rendered by him against the defendant.

We are of opinion that the judgment so rendered was valid and binding. The justice had jurisdiction over the subject-matter and the parties by appearing and going to trial, without objection, upon the merits, waived any and all questions of regularity.

A transcript of this judgment was filed in the circuit, execution issued thereon and a sale of lands made thereunder. It is claimed that no affidavit was filed as required by Comp. L., § 5383, and therefore the proceedings subsequent to the taking of the transcript were void. It appears that an affidavit for a transcript was made and filed with the justice February 14th, and a return made by the justice on the 15th and on the same day filed in the clerk's office. In this affidavit it was stated, "that there is now due and remaining unpaid upon the judgment heretofore on the 8th day of February * * the sum of ninety-six 90-100 dollars exclusive of costs." Sec. 5382 requires an affidavit of insufficiency of goods and chattels to satisfy the judgment to be made and delivered to the justice, and thereupon it becomes his duty to give a certified transcript of such judgment and proceedings, and the original affidavit by this section required. The next section makes it the duty of the clerk to file such transcript, on an affidavit being made stating the amount due upon such judgment.

The party applying for such transcript is not required, in making the affidavit required by sec. 5382, to state therein the amount due upon the judgment. It is the following section that requires an affidavit stating the amount due to

be filed with the clerk of the circuit court. This last named affidavit, or more properly speaking evidence of the fact required to be shown thereby, viz., the amount due upon the judgment, is a necessary jurisdictional fact in order to give the clerk of the circuit court any authority whatever to act in the premises. This fact, viz., the amount due, must not, necessarily, be shown by a separate affidavit, but may be set forth in the affidavit filed with the justice. If set forth therein and filed with the transcript in the clerk's office, without any such delay as would or might give rise to a presumption that payments, after the date thereof and before filing with the clerk, may have been made, it will be sufficient and no farther showing need be made. *Udell v. Kahn* 31 Mich. 196.

This is not at all inconsistent with what was said in *Bigelow v. Booth* 39 Mich. 624. In that case eight days was permitted to pass by after the affidavit was sworn to and before its delivery to the clerk of the circuit court—a time ample indeed in which the judgment might have been paid in whole or in part. In this case the affidavit was filed with the clerk of the circuit court the day after it was sworn to, and had a new affidavit been made as required by sec. 5384 and filed with the clerk the day after it was sworn to we should have no hesitation in holding it good, and the same rule must be applied in this case. It is not the form of a second affidavit that the statute requires, but the substantive jurisdictional fact of the amount due, and this the affidavit made in the present case fully supplied.

The writ applied for in the present case must be denied with costs.

The other Justices concurred.