Magmer vs. Renk.

═══════════

Magmer, Respondent, vs. Renk, Appellant.

*February 6 — February 23, 1886.*

*(1) Justices' courts: Removal of cause: Jurisdiction of person: Waiver. (2) Malicious prosecution: Evidence of malice: Successive suits. (3) Measure of damages.*

1. If, after a cause is removed from one justice to another on the ground that the former is a material witness, the parties appear before the latter justice and proceed to trial, they thereby waive any lack of jurisdiction in him arising from the insufficiency of the affidavit for the removal. *Dykeman v. Budd,* 3 Wis. 640, distinguished.

2. In an action for the malicious prosecution of a replevin suit, evidence of the commencement of successive suits by the defendant upon the same groundless claim, is admissible to show malice.

3. The damages recoverable in an action for the malicious prosecution of a civil suit include all the loss which the plaintiff sustained in his business as the direct and natural result of that suit, and all the expenses incurred in the defense, including counsel fees.

APPEAL from the County Court of *Milwaukee* County.

The facts will sufficiently appear from the opinion. There was a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *E. P. Smith* and *Nath. Pereles & Sons*, and oral argument by *Mr. J. M. Pereles* and *Mr. Smith*.

*M. N. Lando*, for the respondent.

COLE, C. J. We are clearly of the opinion that it was not error to admit in evidence the docket entries, record, files, etc., relating to the replevin action mentioned in the complaint. This action is for malicious prosecution for bringing that suit for the purpose of injuring the plaintiff in his business as a baker, by depriving him of the use of his property. It was necessary to show a termination of that suit in favor of the defendant therein. The ground of objection to the evidence is that it does not tend to prove the termination of that suit, and was therefore irrelevant. That action of replevin was commenced by the present defendant against the present plaintiff, before Francis Benzler, a justice of the peace. The plaintiff was, at the time, absent in Germany for a temporary purpose. On the return day of the warrant the wife of the plaintiff made an affidavit, for and in his behalf, that the justice was a material witness for her husband, whereupon the parties agreed to send the case for trial to Justice Schmidt, before whom the case was subsequently tried. On the trial the justice granted a nonsuit, on the motion of the plaintiff in that action. Now it is said the affidavit for the removal of the action was defective, because the wife did not swear that

she was the agent of her husband and made the affidavit for him, as required by sec. 3617, R. S. We shall not stop to inquire whether the affidavit for removal met the requirements of the statute or not. It is a sufficient answer to the objection now made that the parties appeared before Justice Schmidt, and tried the cause. This cured all defects in the affidavit, if there were any, and gave the justice jurisdiction of the action. It is not like *Dykeman v. Budd*, 3 Wis. 640, to which counsel referred us on this point. There the parties attempted by stipulation to confer upon the circuit court jurisdiction of the subject matter in case of an appeal from a justice. Mr. Justice SMITH says: "As the law stood at the time of the change of venue in this case, the circuit courts had no jurisdiction of appeals from justices of the peace in civil cases, except in those the venue of which was changed thereto in conformity with the provisions of the statute." The case is distinguishable from this, and rests upon the familiar principle that, while consent gives jurisdiction of the person, it will not give jurisdiction of the subject matter. See *Carpenter v. Shepardson*, 43 Wis. 412. Surely the evidence showed that the replevin suit was at an end.

The next error assigned raises a question of more difficulty. The plaintiff was permitted to give, under objection, evidence of other actions of replevin subsequently commenced by the defendant herein against this plaintiff; also evidence of actions brought by the defendant against the plaintiff to recover possession of the premises which the latter occupied for a bakery. The complaint charges that the defendant maliciously, and without probable cause, instituted a replevin suit, February 29, 1884, and caused to be seized a top wagon, sleigh, and three sets of harness which the plaintiff owned, and needed to deliver his bread and rolls daily to his customers, and that this was done with the intention to injure the plaintiff in his business. One or

more of the actions which the plaintiff was allowed to prove were brought prior to the 29th of February; but the whole series related to the same personal property, or to the possession of the bakery which the defendant owned; and all these actions were either discontinued by the defendant, or were decided against him. In the replevin suit described in the complaint, the defendant based his claim to the property seized upon a chattel mortgage, which was given by the plaintiff to his son in November, 1883, to secure the payment of a note of $75. This note had been paid and taken up by the maker. The defendant took an assignment of the mortgage from the son, while the instrument was off the record after it had been discharged, giving in fact nothing for the assignment. The evidence in regard to these successive suits of replevin and for the unlawful detainer of the bakery was received by the trial court as bearing upon the question of the defendant's malice in bringing the action of the 29th of February described in the complaint. The question is, Was the evidence legally admissible for that purpose?

It seems to us that it was. In order to recover, it was essential for the plaintiff to prove both the want of probable cause in bringing the replevin suit and malice on the part of the defendant. There was no direct proof of malice. It had to be shown by circumstances. Bringing one replevin suit, even upon an unfounded claim, might not be very cogent or satisfactory proof that the defendant was acting maliciously and without probable cause; but the bringing of a series of suits, upon the same groundless claim, for the same property, would afford the clearest and most irresistible proof that he was acting maliciously and with intent to injure and oppress the plaintiff; for it is inconceivable that a man, acting from good motives — an honest intention of enforcing only what he deems to be his right — should persist in bringing one suit after another on the same

groundless claim. Such conduct is strong evidence of malice and want of probable cause. In actions of slander, a repetition of the defamatory words, even after the commencement of the suit, is admissible to show malice. *Templeton v. Graves*, 59 Wis. 95; *Bodwell v. Swan*, 3 Pick. 376; *Tate v. Humphrey*, 2 Camp. 73, note. The case of *Watson v. Moore*, 2 Cush. 133, does not, as we understand it, lay down any different doctrine. In *Barron v. Mason*, 31 Vt. 190, which was an "action for malicious prosecution against the plaintiff for obtaining money by false pretenses, as damages for the alleged infringement of a patent-right, it was held competent for the defendant to show that the plaintiff, about the same time, received money from other persons for alleged infringements of the same patent, claiming them to be such, but knowing that they were not." The opinion is by REDFIELD, C. J., and is very instructive. We make an extract from the opinion, which expresses our views upon the point we are considering. The chief justice says: "The books upon this point all concur in saying that the plaintiff must prove (and, of course, the defendant may disprove) both want of probable cause and malice; and it is the duty of the court to instruct the jury fully and correctly upon the whole case, as the testimony tends to show the facts. If it be admitted that testimony that the plaintiff had been guilty of other similar offenses, or that he was reputed guilty, and that this had come to the knowledge of the defendant before he instituted the prosecution, has no legal tendency to show either probable cause or want of malice in ordinary cases, such as larceny, it must also be admitted, we think, that, in that class of offenses where the gist of the crime consists in the bad purpose with which an act otherwise innocent is done, this kind of testimony is admissible, even upon the question of actual guilt, and much more upon that of probable cause; for probable cause is not to be confounded with actual guilt. . . . Now, in the class

of cases referred to, where the guilt or innocence of the act depends upon the motive, the conduct and declarations of the party as to other similar transactions about the same time are always admissible to prove actual guilt; as, for instance, in cases of passing, or having in possession with intent to pass, counterfeit coin or bills, it is familiar law that the prosecutor may give in evidence other similar offenses committed by the accused about the same time, for the purpose of showing his intent in the particular transaction. So, also, in cases of embezzlement and some other similar offenses." See 2 Greenl. Ev. § 449 *et seq.;* 3 Suth. Dam. 699 *et seq.;* Cooley on Torts, 187.

It is the language of the books that malice may be inferred from want of probable cause, though it is not a necessary deduction. Of course, it also may be inferred, as Judge REDFIELD says, from the conduct and declarations of the party. Now, what acts could be less equivocal in their character, showing the *quo animo* of bringing the suit set out in the complaint, than the commencement of successive suits on the same false claim? To the common mind they certainly afford the most convincing proof that the person bringing them was actuated by malice in a legal sense, if not by vindictive and malicious feelings. This remark applies as well to the actions of unlawful detainer as to the replevin suits, because they seem to be a part of the scheme to injure the plaintiff and ruin his business.

In this case the defendant set up a claim to the property taken upon the replevin warrant, based upon a chattel mortgage for which he paid nothing, and which he must have known gave him no title to it. The jury found that he did not honestly believe that the mortgage authorized him to take and hold the goods as security for the plaintiff's indebtedness to him; that he did not have probable cause to commence the replevin suit mentioned in the complaint; that he acted wilfully, maliciously, and with intent to injure the

plaintiff in bringing that suit; that there was actual and express malice upon his part in instituting the proceedings. We think there is sufficient testimony to sustain each of these findings.

These observations sufficiently indicate our views on the errors assigned in the admission or exclusion of testimony. The learned county court fully instructed the jury as to the law of the case. There is nothing in the general charge of which the defendant can complain; and the charge covers all the requests asked on his part which should have been given.

In respect to the damages, there is no ground for claiming that they are excessive. As the suit of February 29th was found to be malicious and without probable cause, all the loss which the plaintiff sustained in his business as the direct and natural result of that suit, the extraordinary costs as between attorney and client, as well as all other expenses necessarily incurred in defense, are to be taken into the estimate of damages. 2 Greenl. Ev. § 456; 3 Suth. Dam. 701, cases in note 1. Taxable costs would be no compensation for the damages which the plaintiff sustained by reason of the malicious suit.

*By the Court.*— The judgment of the county court is affirmed.

See note to this case in 27 N. W. Rep. 29.— REP.