ROWLAND N. HAZARD & another *vs.* GEORGE E. WASON.

Hampden.    September 23, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Practice — Transitory Action — Removal of Action — Waiver — Estoppel.*

In a transitory action, begun in the Superior Court in one county, an appearance generally and an answer to the merits filed in another county, to which the action was removed before service of process, constitute a waiver of any objection to the jurisdiction of the court.

A transitory action was begun in the Superior Court in one county, and removed to another county before service of process. After the defendant had appeared in the latter county generally, and filed an answer to the merits, he moved that the action be removed to the original county, on the ground of lack of jurisdiction in the other county. This motion, with the plaintiff's consent, was granted. *Held,* that thereafter the case stood for trial in the original county as if the defendant had appeared and answered there; that a formal order transferring the action to the docket of the court in that county was unnecessary; and that, as the retransfer was made at the defendant's request, he could not object to the jurisdiction there.

Under the Pub. Sts. c. 161, § 12, providing for the removal of actions brought in the wrong county, the power of the court is not exhausted by a single removal.

CONTRACT on a judgment. The bill of exceptions and a copy of the pleadings and docket entries showed the following facts.

The action was brought to recover the amount of a judgment obtained by the plaintiffs against the defendant in another State. The writ, which described both the plaintiff and the defendant as residents of that State, was made returnable in the Superior Court for Hampden County, and, after an attachment of prop-

erty belonging to the defendant situate in that county was made thereon, was there entered in April, 1889. In May, 1889, before service on the defendant or any appearance on his behalf, the plaintiffs filed a motion, reciting that the defendant at the date of the writ was a resident of Boston in this Commonwealth, and praying that the action be removed to the county of Suffolk. This motion was granted, and the removal ordered. An order of notice for personal service upon the defendant was afterwards issued by the Superior Court in Suffolk County, and such service was duly made upon the defendant. In June, 1889, a general appearance and an answer to the merits were filed in that county on behalf of the defendant. Subsequently, no amendment of the writ having been made, a motion was filed on behalf of the defendant in Suffolk County, alleging that the " action was upon the writ rightfully brought in the Superior Court held within and for the county of Hampden and Commonwealth of Massachusetts, and was wrongfully removed to the Superior Court held within and for the county of Suffolk," and praying that " the same be dismissed from this court held in the county of Suffolk, and that the papers therein be returned to the Superior Court held within and for the county of Hampden aforesaid, the court in this county having no jurisdiction thereof." The plaintiffs consented to the granting of this motion, and it was allowed. The papers in the action were returned to the clerk of the Superior Court for Hampden County, and at the March sitting in that county, which began on March 10, 1889, the case was placed on the trial list at the request of the plaintiffs. On March 12, 1889, no appearance having been made for the defendant in Hampden County and no order of notice having been issued, the attorneys for the defendant, who appeared and answered on his behalf in the county of Suffolk, filed a paper with the clerk in Hampden County disclaiming all appearance and all authority to appear in that county in the defendant's behalf. Afterwards an attorney appeared specially for the defendant, and filed a motion to strike the case from the trial list, and another motion to dismiss the action. *Barker*, J. ruled that the case was properly on the trial list, and overruled both motions, and the defendant excepted. The defendant was defaulted, and afterwards, on April 11, 1889, filed a motion in

arrest of judgment for want of jurisdiction. The judge over-
ruled this motion also ; and the defendant alleged exceptions.

*A. A. Ranney & G. M. Stearns*, for the defendant.

*D. E. Webster*, for the plaintiffs.

DEVENS, J. We do not perceive why the Superior Court
sitting in Suffolk County had not acquired full jurisdiction
of this action after it had been transferred there from Hamp-
den County. Property of the defendant had been attached in
Hampden County, and a notice was issued by the court in Suf-
folk County to the defendant, who had then and there appeared
and answered to the merits of the cause. The action was tran-
sitory, and it was competent for the Superior Court, as a court
of general jurisdiction, to try the same in any county of the
State, unless objection was seasonably made thereto. The provis-
ions of law regulating the bringing of actions in certain counties
were intended for the benefit of defendants, in order to prevent
inconvenience and vexation to them by being obliged to answer to
actions in remote counties at the pleasure of parties bringing the
suit ; Pub. Sts. c. 161, §§ 1–12, St. 1885, c. 385, § 14 ; St. 1887,
c. 347 ; but this is a matter which does not go to the general juris-
diction of the court, and must be held to have been waived, as
must also any defect in the form or service of process when a de-
fendant appears generally and answers to the merits. *Loomis* v.
*Wadhams*, 8 Gray, 557. *Hastings* v. *Bolton*, 1 Allen, 529.

Subsequently to the defendant's appearance and general an-
swer, he moved that the cause be dismissed from the Superior
Court in Suffolk County, as wrongfully removed there from
Hampden County, and "that the papers therein be returned
to the Superior Court held within and for the county of Hamp-
den aforesaid, the court in this county having no jurisdiction
thereof." This motion was granted with the assent of the plain-
tiffs. The defendant now objects, that the proceedings in Suf-
folk County went for nothing, because the court in that county
had no jurisdiction of the cause, and the order of notice, appear-
ance, and answer to the merits had no effect as a waiver except
in Suffolk County. But although the defendant in his motion
asserted that the court in Suffolk County had no jurisdiction, we
do not understand that the court so held or should so have held.
It was sufficient reason for granting a motion of this character,

that the other party assented° thereto.    The consent of both parties justified the court in retransferring this transitory action to Hampden County, if it saw fit to do so, even if it might have retained and tried it in Suffolk.    If thus transferred, it was transferred in the condition in which it then was, with the various motions, answers, etc. on file.    The defendant's motion that the action be dismissed, and " the papers therein be returned to the Superior Court " for the county of Hampden, contemplated that the case as it existed would be thus transferred.    Having conferred jurisdiction on the Superior Court for Suffolk County over himself by his general appearance and answer to the merits, the defendant cannot escape from the consequences of his action.

The defendant further objects, that the case could not be transferred to the docket of the Superior Court for Hampden County without an order or leave of court reversing the order of transfer to Suffolk County previously made.    We do not understand any such formal order to be necessary.    When the court in Hampden County proceeds to deal with it, then the order theretofore made must be deemed to have been modified.    While the Pub. Sts. c. 161, § 12, provide for the removal of actions when brought in the wrong county, the power possessed by the court is not exhausted by a single removal, if more ·than one should be found necessary in order to secure to the defendant the benefit intended.    Nor, when an action is transitory, and depends solely on the residence of the defendant, and not upon the subject matter of the controversy, can we see that he can properly object that the action is erroneously before the court in a county to which by his own motion he has caused it to be removed.    He cannot object to a jurisdiction which he has himself invited.

We have not discussed the question whether the exceptions from the orders overruling the motion to dismiss and the motion in arrest of judgment are properly before us, as, if so, they were properly refused.    The court was entitled to deal with the case upon the general appearance and answer to the merits which the defendant had filed.

*Exceptions overruled.*