### R. C. CHERRY v. MACK LILLY.

*Practice — Jurisdiction — Waiver of Objection by Appearance and Plea.*

Irregularity of service is waived by appearance and plea in bar; therefore, although a summons issued by one Justice cannot be made returnable before another, except in cases provided by statute to that effect, yet, if the person served with process so issued appear and, instead of moving to dismiss, enter a plea in bar, he will be deemed to have waived the objection.

This was a CIVIL ACTION, tried at May Term, 1893, of BEAUFORT Superior Court, before *Bynum, J.,* upon an appeal by the plaintiff from a Justice of the Peace, before whom both the plaintiff and the defendant appeared in person and by attorney.

In the Superior Court the defendant, for the first time, moved to dismiss the action, because the summons was issued by A. Mayo, a Justice of the Peace, and made returnable before O. H. P. Tankard, another Justice of the Peace of the same township. The latter Justice tried the action below, and the defendant there did not move to dismiss. The Court granted the motion to dismiss, and plaintiff appealed.

*Mr. W. B. Rodman,* for plaintiff (appellant).
*Mr. C. F. Warren,* for defendant.

MacRae, J.: There is this distinction between the present case and that of *Williams* v. *Bowling,* 111 N. C, 295, wherein

it was held that a summons issued by one Justice of the Peace cannot be made returnable before another, except in cases provided by statute to that effect. In the former, the defendant appeared and answered, submitting to the jurisdiction of the Justice before whom the summons was returned. In the latter, the defendant appeared and moved to dismiss, and the Justice properly dismissed the action.

Here both Justices had jurisdiction of the subject-matter of the action, but the defendant was brought into Court by irregular process. He could have moved to dismiss, but he chose to submit to the jurisdiction of the Justice, entered his pleas and went into the trial, and made no objection to the jurisdiction of the Justice until after the case had been brought by appeal into the Superior Court. It is somewhat like the case of *West* v. *Kittrell,* 1 Hawks, 493, where a suit was carried from the County to the Superior Court by consent of parties, and not by appeal, and it appeared that it was a case in which the Superior Court had concurrent jurisdiction with the County Court of the subject-matter of the proceeding; and the petition and plea being entered in the Superior Court, that Court had jurisdiction as if the suit had never been in the County Court.

In the case before us the action was entered upon the docket, the defendant appeared, the pleadings were noted, and, without objection, the trial proceeded.

The Justice who tried the action acquired jurisdiction, not by the irregular process issued by another Justice, but by the appearance and plea of the defendant. As in the case of *McMinn* v. *Hamilton,* 77 N. C., 300, where the Court had jurisdiction of the subject-matter of the action, but the *venue* was wrong, it was held that the objection must be taken in apt time. If the defendant pleads to the merits of the action he will be taken to have waived the objection. See also *Morgan* v. *The Bank,* 93 N. C., 352.

An entirely analagous case is *Moore* v. *Railroad*, 67 N. C., 209, where it was held that the Clerk of the Superior Court of one county has no right to issue a summons returnable to the Superior Court of another county, but irregularity of service is waived by an appearance and answer in bar.

Error.                                  Judgment Reversed.