Decided 26 June, 1899.

**WOLDENBERG v. HAINES.**

[57 Pac. 627.]

</div>

WAIVER OF OBJECTION TO CHANGE OF VENUE.—Where a party appears without objection in a court to which his cause has been transferred and participates in the trial, he thereby waives all irregularities in the proceedings connected with changing the venue.

From Harney : MORTON D. CLIFFORD, Judge.

Proceeding by L. Woldenberg against Fred Haines to review the judgment of a justice's court. There was a judgment for plaintiff, and defendant appeals.

<div align="right">REVERSED.</div>

For appellant there was a brief over the names of *Lionel R. Webster* and *George W. Hayes*, with an oral argument by *Mr. Webster*.

For respondent there was a brief over the name of *Biggs & Turner*, with an oral orgument by *Mr. R. M. Turner*.

MR. JUSTICE MOORE delivered the opinion of the court.

This is a special proceeding to review the judgment of a justice's court of Harney County. The transcript shows that plaintiff commenced an action against the defendant in the Justice's Court of Burns District, to recover the sum of $2.50, alleged to be due on account of the sale and delivery of certain goods, wares, and merchandise. The answer, after denying the material allegations of the complaint, sets up a counterclaim of $34.17, and, the reply having put in issue the allegations of new matter therein, the venue was changed, upon defendant's motion, to the Justice's Court of Harney District, where the parties stipulated that the cause should be continued, and at the trial thereof judgment was rendered for the defendant in the sum of $7.50. The circuit court of said county having issued a writ to review said judgment, the return showed the facts as hereinbefore stated ; whereupon the court found that the affidavit for a change of venue was insufficient to authorize a transfer of the cause, annulled the judgment, and remanded the cause to the court in which it was commenced, with directions to try the same, and from this judgment the defendant appeals.

The only question to be considered is whether the Justice's Court of Harney District had jurisdiction of the action. Defendant's counsel maintain that, conceding the affidavit to be insufficient to authorize a transfer of the cause, plaintiff, by his appearance and stipulation in said court, waived all defects in the previous proceedings, and, judgment having been rendered against him, the court erred in setting it aside. In *Moore* v. *Wabash Ry. Co.*, 51 Mo. App. at p. 504, the venue was changed against the defendant's exception, notwithstanding which he appeared in the court to which the cause was sent and went to trial without objection, and it was held that,

after verdict, it was too late to raise the question of jurisdiction. In *Insurance Co.* v. *Johnson*, 46 Ind. 315, it was held that a voluntary appearance in a court to which the venue of an action was changed was a waiver of any objection to the jurisdiction. Mr. Justice BUS-KIRK, in deciding the case, says : "It appears from the record that, after the demurrer was overruled, the cause was, by agreement of the parties, transferred to the circuit court for trial, and that the parties appeared in that court and went to trial without any objection. The agreement of the parties entered in the common pleas court gave the circuit court jurisdiction of the person of the appellant, and the law gave it jurisdiction of the subject-matter of the suit. It is well settled that, where the court has jurisdiction of the subject-matter of the action, an appearance to the action in the court to which a change of venue has been taken is a waiver of any objection of jurisdiction over the person or as to the regularity of the change of venue." In *Smith* v. *St. Joseph Cir. Ct.*, 46 Mich. 338 (9 N. W. 440), a justice of the peace, becoming ill, transferred the cause then pending before him to another justice's court, in which the parties appeared, and, without objection, tried the action, and it was held that all questions touching the regularity of the transfer were waived. Mr. Chief Justice MARS-TON, speaking for the court, says : "We are of opinion that the judgment so rendered was valid and binding. The justice had jurisdiction over the subject-matter, and the parties, by appearing and going to trial, without objection, upon the merits, waived any and all questions of regularity."

In *Magmer* v. *Renk*, 65 Wis. 364 (27 N. W. 26), it was held that if, after a cause is removed from one justice's court to another, the parties appear before the latter, and proceed to trial without objection, all questions of

jurisdiction, arising from the insufficiency of the affidavit for the removal, are waived. Mr. Chief Justice COLE, in commenting upon this rule, says : "We shall not stop to inquire whether the affidavit for removal met the requirements of the statute or not. It is sufficient answer to the objection now made that the parties appeared before Justice Schmidt, and tried the cause. This cured all defects in the affidavit, if there were any, and gave the justice jurisdiction of the action." While there is a slight conflict in the decisions upon this subject, the great weight of authority supports the rule that a party by appearing, and, without objection, participating in the trial, in the court to which the action has been transferred, waives all irregularities in the method of securing the change of venue : *Seley* v. *Parker*, (Tex. Civ. App.), 45 S. W. Rep. 1026 ; *Ex parte Whitmore*, 9 Utah, 441 (35 Pac. Rep. 524) ; *Christ* v. *Flannagan*, 23 Colo. 140 (46 Pac. Rep. 683); *Solomon* v. *Norton*, (Ariz.), 11 Pac. Rep. 108 ; *Yater* v. *State*, 58 Ind. 299 ; *Hazard* v. *Mason*. 152 Mass. 268 (25 N. E. 465) ; *St. Louis & S. F. Ry. Co.* v. *McBride*, 141 U. S. 127 (11 Sup. Ct. 982); *Breathwit* v. *Bank of Fordyce*, 60 Ark. 26 (28 S. W. 511); *Cherry* v. *Lilly*, 113 N. C. 26 (18 S. E. 76) ; 2 Enc. Pl. & Prac. 613. Justices' courts having jurisdiction of actions for the recovery of money, when the amount involved does not exceed $250 (Hill's Ann. Laws, § 908), the transcript sent to the Justice's Court of Harney District gave it jurisdiction of the subject-matter, and the general appearance of the plaintiff, and his participation in the trial of the action, gave it jurisdiction of his person, and authorized it to hear and determine the issues. The trial court having erred in setting aside the proceedings of the justice's court, it follows that the judgment is reversed, and the cause remanded with directions to dismiss the writ of review.                                      REVERSED.