IN RE GRAYE.

(No. 2,509.)

(Submitted December 14, 1907.   Decided December 28, 1907.)

[93 Pac. 66.]

*Criminal Law—Justices of the Peace—Police Courts—Appeal—Record—Jurisdiction—Irregularities—Waiver.*

Criminal Law—Police Courts—Change of Venue—Justices' Courts.
   1. *Obiter:* A police judge may, under Penal Code, section 2685, grant a change of the place of trial of a criminal cause pending before him, upon a motion, supported by a proper showing, either for bias or prejudice of such judge, or prejudice in the citizens of the township.
Same—Justices of the Peace—Appeal—Record.
   2. In the absence of specific statutory provision on the subject, the original files, together with a copy of the docket minutes, *held*, to constitute the record on appeal, in a criminal cause, from a justice of the peace to the district court.

Same—Justices of the Peace—Appeal—Irregularities—Waiver—Jurisdiction.

3. By specifically waiving all previous irregularities and informalities, when appearing before a justice of the peace in a criminal cause which had been transferred from a police court, and of which both the justice and magistrate had jurisdiction, and submitting to trial without objection, defendant was precluded from thereafter attacking the resulting judgment on the ground that by reason of the failure of the police judge to transmit a copy of his docket to the justice of the peace, the latter did not acquire jurisdiction to try the cause.

Jurisdiction—Waiver.

4. The rule that if a court has jurisdiction of the subject matter of an action, a general appearance of the defendant to the merits, without objection, is a waiver of all personal privilege in respect of the particular court in which the action is brought, applies to courts of limited as well as of general jurisdiction.

Criminal Law—Justices of the Peace—Appeal—Jurisdiction—District Courts.

5. Since the district court on an appeal from a justice's court does not sit as a court of review to correct errors, but is required to try the cause *de novo* upon the merits, the fact that the justice may have lost jurisdiction in trying a criminal case in part on a legal holiday, and in thereafter taking it under advisement instead of entering judgment at the close of the trial, all without objection by defendant, did not deprive the district court of jurisdiction. The justice having had jurisdiction of the subject matter and of the defendant, the appeal clothed the district court with power to proceed, no matter what irregularities may have attended the trial in the lower court.

Original Application by L. Vernon Graye for writ of *habeas corpus.* Writ denied.

*Mr. C. A. Spaulding,* and *Mr. E. A. Carleton,* for Complainant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Habeas corpus.* The petition filed herein alleges, substantially, that on May 10, 1907, the complainant was by complaint under oath, filed in the police court of the city of Helena, charged with a violation of section 457 of the Penal Code; that, having been brought before the police judge under arrest and duly arraigned, he entered his plea of not guilty, and was admitted to bail; that the cause was not set down for trial, but that on May 20th the court, of its own motion and

without any showing by affidavit or otherwise, transferred it to the court of S. W. Langhorne, a justice of the peace of Helena township, and forthwith transmitted the original papers in the cause to said justice; that the justice thereupon entered the cause upon his docket, and fixed May 29th, at 2 o'clock P. M., as the date of trial; that on the date fixed the trial was begun, but, not being concluded, was adjourned to May 30th, at 10 o'clock A. M., the same being a legal holiday; that the hearing of the evidence was concluded on that day, and the cause taken under advisement until June 1st, at 10 A. M.; that on the latter date the justice rendered his decision finding the defendant guilty and appointing June 3d at 10 o'clock A. M., as the time for pronouncing judgment; that at the appointed hour, the complainant appeared and was sentenced to pay a fine of $100, and was committed to the county jail until the same should be satisfied; that judgment was thereupon entered by the justice upon his docket; that an appeal was on the same day taken to the district court; and that thereafter, on November 26, 1907, the complainant was by a jury again found guilty, and by the judgment of the court sentenced to a term of four months in the county jail, where he is now detained. It is alleged that this detention is illegal for the following reasons: (1) That the police judge had no power upon his own motion to transfer the cause to the justice's court, and for this reason the justice was without jurisdiction to try it; (2) that, if the justice did have jurisdiction to try it, he lost jurisdiction during the course of the trial by proceeding with it on May 30th, a legal holiday, and by not entering judgment at the close of the trial; and (3) that by reason of the lack of jurisdiction by the justice's court, the district court had no power to try the cause and impose sentence.

Upon the filing of the petition this court issued the writ to the sheriff, and also a writ of *certiorari* to the clerk of the district court, requiring him to certify up a copy of the docket of the justice who tried the cause. Upon the production of the prisoner the attorney general interposed a motion to quash

the writ, contending that, since upon the face of the proceedings it appeared that the justice had jurisdiction of the offense, and the complainant voluntarily submitted to a trial, thereafter taking an appeal to the district court, he could not question the jurisdiction of the latter to try the cause and enter judgment. Upon the questions thus raised the cause was submitted for decision.

1. It is conceded by counsel for complainant and the attorney general that a police judge is authorized by statute to grant a change of the place of trial in a criminal cause, upon a motion supported by a proper showing, either of bias or prejudice of such judge, or prejudice in the citizens of the township, by reason of which in either case the defendant cannot have a fair and impartial trial. (Pen. Code, sec. 2685.) We are inclined to the opinion that the concession is properly made, though the question does not arise here, for the reason that the jurisdiction of police judges extends to all misdemeanors enumerated in the statute defining the jurisdiction of these officers (Pol. Code, sec. 4911, amended by Sess. Laws 1903, p. 27, Chapter 16), including the offense defined in section 457, *supra,* and is concurrent with that of justices of the peace.

The statute (Pen. Code, sec. 2682) requires the justice or police judge to enter upon his docket all proceedings in the cause, and, upon a change of the place of trial, to transmit with the files a certified copy of his minutes. For some unexplained reason the police judge failed to observe this requirement. There is no provision in the Penal Code indicating what record shall be transmitted to the district court when an appeal is taken. But we must presume that the original files, together with a copy of the docket minutes, constitute the record. This is the requirement in civil cases, the trial being *de novo* upon the papers filed in the justice's court, unless the court for good cause permit others to be filed. (Code Civ. Proc., sec. 1761.) Since in criminal cases the trial is also *de novo* (Pen. Code, sec. 2717), in the absence of specific provision on the subject, we must conclude that the same method of pro-

cedure must be followed in criminal cases. At any rate, in the absence of specific provision on the subject, this course would seem most appropriate, and it would seem to be necessary, for the reason that the plea is oral, and an appeal may be taken by oral notice at the time of the rendition of the verdict or judgment. (Pen. Code, sec. 2713.) A copy of the docket is necessary to show the nature of the plea that judgment has been entered and that the appeal has been properly taken. Furthermore, on appeal in civil cases each party has the benefit of all legal objections taken in the justice's or police court, and since no bill of exceptions is provided for, the docket furnishes the only means by which some, at least, of the objections may be made to appear. These remarks dispose of the incidental question, made by the attorney general, whether the transcript of the docket properly forms part of the record on appeal.

The absence of the copy of the docket of the police judge does not, however, affect the merits of this application. The justice's docket recites that, when the defendant, accompanied by his counsel, appeared before him on May 20th, he set the cause for trial on May 29th, "all informalities and irregularities being waived by counsel for defendant." It is not a material inquiry, therefore, whether the change of the place of trial was ordered by the police judge of his own motion, or whether it was made upon the application of the defendant. Since it is conceded that he had jurisdiction of the offense under the statute, that a complaint was filed giving him jurisdiction of the particular cause, and that the defendant had been properly arrested and brought before him, he could upon proper application order a change of the place of trial. The justice had jurisdiction of the offense. The irregularity of the procedure by which the cause was brought into his court was expressly waived by the defendant. He submitted to a trial upon a complaint charging him with the particular offense. He cannot now be heard to say that the justice did not have jurisdiction of the cause or of his person. He was entitled to make his ob-

jection at the time.  Having failed to do so, or, rather, having expressly waived the irregularities, the court had jurisdiction to proceed.

In *Woldenberg* v. *Haines,* 35 Or. 246, 57 Pac. 627, there was an application to the justice by the defendant for a change of venue after answer.  The affidavit for the change was not sufficient.  The parties, however, thereafter appeared before the justice to whose court the change had been made, and stipulated for a continuance.  The defendant had judgment on his counterclaim.  Thereupon, upon application of the plaintiff, the judgment was annulled by the circuit court, on the ground that the justice trying the case had not jurisdiction.  On appeal the supreme court held that the appearance of the parties and their submission of the case waived the irregularity, and the jurisdiction was complete.  The court said: "Justices' courts having jurisdiction of actions for the recovery of money, when the amount involved does not exceed $250 (Hill's Ann. Laws, 1892, sec. 908), the transcript sent to the justice's court of Harney district gave it jurisdiction of the subject matter, and the general appearance of the plaintiff, and his participation in the trial of the action, gave it jurisdiction of his person, and authorized it to hear and determine the issues."  The same conclusion was reached in *Magmer* v. *Renk,* 65 Wis. 364, 27 N. W. 26, wherein the affidavit for a change of venue was wholly insufficient; but after the change was directed, the parties proceeded with the trial without objection.

*Smith* v. *Circuit Judge,* 46 Mich. 338, 9 N. W. 440, was a case in which the justice before whom it was brought directed a change of venue because, being ill, he was not able to proceed with the trial.  The parties appeared before the justice to whose court it was transferred and proceeded with the trial without objection.  On application for *mandamus* to set aside the proceedings had under the judgment, on the ground that it was void because the justice had no power to order the change, it was held that the parties had waived the irregularity of the transfer, and that the judgment was valid.

In *Moore* v. *Wabash Ry. Co.*, 51 Mo. App. 504, the court granted a change of venue over the objection of one of the parties. Nevertheless the party objecting appeared in the court to which the case was sent, and went to trial without objection. It was held that the objection to the jurisdiction after verdict came too late.

All of these cases proceeded upon the theory that, since jurisdiction of the subject matter was conferred by law, errors and irregularities in acquiring jurisdiction of the particular case, and of the person, could be waived by the parties, and the validity of the resulting judgment could not be assailed by reason of them. With this view we agree. It in nowise conflicts with the conclusion, several times announced by this court, that jurisdiction of justices' and police courts must appear affirmatively, and is not aided by the presumption attaching to the judgments of courts of general jurisdiction. (*State* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Duane* v. *Molinak*, 31 Mont. 343, 78 Pac. 588; *Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695.)

Here jurisdiction of the offense is not controverted. That a complaint was filed as the statute requires (Pen. Code, sec. 2680) charging an offense is admitted. The defendant was arrested and brought before the court and entered his plea. After the cause was transferred to the justice's court and was filed there, he made no objection, but waived all previous irregularities and submitted to a trial. He must be held to be bound by this action. And it is immaterial to inquire whether the transfer was regular. There is some conflict in the decisions on this point, but with perhaps some exceptions, which it is not necessary to notice here, the better rule is that, if a court has jurisdiction of the subject matter of the action, a general appearance of the defendant to the merits, without objection, is a waiver of all personal privilege in respect of the particular court in which the action is brought. (*St. Louis & San Francisco R. R. Co.* v. *McBride*, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659.) This rule applies to courts of limited, as well as to courts of general,

jurisdiction. (2 Ency. of Pl. & Pr. 613.) The following cases, all of which are cited in *Woldenberg* v. *Haines, supra,* either directly or by analogy, support this view: *Aurora F. Ins. Co.* v. *Johnson,* 46 Ind. 315; *Christ* v. *Flannagan,* 23 Colo. 140, 46 Pac. 683; *Ex parte Whitmore,* 9 Utah, 441, 35 Pac. 524; *Cherry* v. *Lilly,* 113 N. C. 26, 18 S. E. 76; *Seley* v. *Parker* (Tex. Civ. App.), 45 S. W. 1026; *Solomon* v. *Norton,* 2 Ariz. 100, 11 Pac. 108; *Yater* v. *State,* 58 Ind. 299; *Hazard* v. *Wason,* 152 Mass. 268, 25 N. E. 465; *Breathwit* v. *Bank of Fordyce,* 60 Ark. 26, 28 S. W. 511. (See, also, *Galveston etc. Ry. Co.* v. *Baumgarten,* 31 Tex. Civ. App. 253, 72 S. W. 78; *Railway Co.* v. *Ramsey,* 22 Wall. (U. S.) 326, 22 L. Ed. 823.)

2. The last two contentions may be met by answer to the single question, What was the effect of the appeal to the district court? The statute, as already pointed out (Pen. Code, sec. 2717), requires the district court, upon appeal, to try the cause *de novo,* that is, just as if the cause had originated in that court, its jurisdiction being dependent, of course, upon the jurisdiction of the justice's court of the subject matter and of the parties. It does not sit as a court of review for the correction of errors, but to give the defendant a new trial upon the merits. While it may dismiss a cause on the ground that it has no jurisdiction of the subject matter—just as the justice should have done—if the action was properly instituted in the first place, the appeal clothes that court with the power to proceed, no matter what irregularities may have attended the trial in the justice's court. (*State* v. *O'Brien,* 35 Mont. 482, 90 Pac. 514.) It is, therefore, immaterial whether the justice lost jurisdiction of the defendant by conducting the trial in part on a legal holiday, or by taking the cause under advisement from May 30th until June 1st, or by not observing the directions of the statute in pronouncing sentence. A party may not, under the guise of an application for a trial *de novo,* insist that irregularities, to which he made no objection, shall be taken note of, or that the judgment, which is abrogated by the appeal, be reversed on account of them.

The case of *State ex rel. Collier v. Huston*, 36 Mont. 178, 92 Pac. 476, recently decided, is not in point. In that case the justice took the case on trial before him under advisement for an indefinite time. It was held that this was violative of an express direction of the statute requiring him to render judgment at the close of the trial. Moreover, the cause was not removed to the district court by appeal. If such had been the case, doubtless the conclusion would have been reached that the appeal was a waiver of the irregularity, and that the district court should have proceeded with the trial on the merits. What the result would have been in this case, had an appeal not been taken, it is useless to inquire.

The motion of the attorney general to quash the writ and dismiss the proceeding is sustained, and the complainant is remanded to the custody of the sheriff for execution of the sentence.

*Dismissed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.

Rehearing denied January 24, 1908.