# CHARLESTON.

HUNTINGTON INSURANCE AGENCY *v.* COUNTY COURT OF WYOMING COUNTY.

(No. 5014.)

Submitted February 24, 1925.     Decided March 3, 1925.

1. INSURANCE—*Party Not Accepting Policy Not Liable for Premium Which Accrued While Policy was in its Possession for Examination.*

An insurance policy was left with defendant for mere examination, comparison, and consideration. The defendant did not accept the policy; and under the facts and circumstances of the case cannot be held liable for the premium which accrued while the policy was in its possession. (p. 353).

(Insurance, 32 C. J. §232.)

2.   SAME—*No Premium is Due, Unless Risk Attaches.*

> No premium is due on an insurance policy unless the risk attaches.   (p. 356).

(Insurance, 32 C. J. §342.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by the Huntington Insurance Agency against the County Court of Wyoming County. Judgment for defendant on a directed verdict, and plaintiff brings error.

*Affirmed.*

*Grover C. Worrell,* for plaintiff in error.
*F. E. Shannon,* for defendant in error.

HATCHER, JUDGE:

This case is here on a writ of error from the circuit court of Wyoming county. The suit was brought to collect a premium claimed by the plaintiff to be due on an insurance policy written for the defendant on the court house of Wyoming county. The evidence is brief and bare of details. An agent of the plaintiff testified that he solicited this insurance from the president of the defendant. What the president told him was not stated. The agent left the policy with Pierce Rose, deputy clerk of the defendant, to be presented by him to the defendant. The policy was for $20,000.00, was dated 3-21-21, and was cancelled 1-21-22. Three letters from the plaintiff to the defendant were in evidence; one dated December 5th, 1921, inquiring whether or not the premium had been paid on the policy; one of January 5th, 1922, requesting payment on the policy, or "your advice as to whether you expect to carry the insurance"; and the third dated March 29th, 1922, stating the cancellation of the policy, and enclosing account for $180.32, which according to the letter, was the amount of premium on the policy for the period of time it was held in possession of defendant.

Deputy clerk Rose was a witness for plaintiff. He testified that he presented the policy to the defendant, although the

date of presentation is not given; that the court stated it did not know exactly how much insurance it had on the court-house, and it would take up the matter at the next meeting; that at the same time, another insurance company had solicit-ed this insurance, and according to the witness, the court, "while acting as a court, deferred the entire matter until they could investigate the question of rates and determine at a later date whether they would accept any insurance or not." He also testified that at a later date (time not fixed) the defendant accepted the policy of the other solicitor. It does not appear from the evidence when plaintiff's policy was returned, but the letter of cancellation was received subsequent to the return of the policy.

At the conclusion of the plaintiff's testimony, the court sustained a motion of the defendant to strike out the evidence and directed a verdict in favor of the defendant.

The plaintiff contends that it was incumbent on the county court to return this policy to plaintiff at the next regular meeting after its receipt, in case it was not accepted; and the failure to do so created a liability on the part of the county court to pay the premium, which thereafter accrued, until it was returned. This contention is based on the assumption that in case of fire, the county court could have recovered on the policy. Plaintiff's brief states:

> "The delivery of the insurance policy completed the contract in this instance, and the insurance company having become bound, the county court likewise became bound, and are liable for the earned premium on this policy."

Elliott on Insurance, section 31, is cited in support of this contention. The citation is in part as follows:

> "A contract of insurance is completed when the terms have been agreed upon between the parties. . . . . . . . . . . If there has been no payment of the premium and no delivery of the policy, the contract is *prima facie* incomplete, and the party claiming the existence of a contract must show that it was the intention of the parties that there should be an operative contract."

On the facts in this case, the law quoted above is against, rather than in favor of the plaintiff. It has not been shown that the parties hereto intended there should be an *operative contract*. Leaving the policy with defendant for mere examination, comparison and consideration did not constitute an *operative contract*. The *minds of the parties* did not meet on this policy. In the language of the text above, the contract was *prima facie incomplete.* Neither party was bound. The defendant never became liable for the premium on the policy, and no risk on the courthouse attached to the policy.

The plaintiff made the witness Rose, its agent for the purpose of presenting the policy to the court. When the policy was presented, the court deferred consideration until the next meeting. When the *next* meeting was, we do not know; but at that *next meeting,* the court again refused to consider the policy until an investigation could be made of the rates. Their determination as to which policy they would take, if either, remained an open question. This being known to the one in whose hands the plaintiff had seen fit to leave its policy, the law would imply notice thereof to the plaintiff. The fact that Rose was the deputy clerk of defendant does not effect our consideration. He served in a dual capacity; he acted for the plaintiff, as well as the defendant. The presumption necessarily follows that the plaintiff acquiesced in the court's delay. Otherwise, it would have withdrawn its policy.

We cannot agree to the contention of plaintiff's counsel that the insurance company would have been liable on his policy in case of fire. An insurance company cannot be held liable on its policy unless the contract thereto is a completed contract. Until the county court accepted the policy, no risk thereon could attach.

Section 2 of the syllabus of the case of *New* v. *Germania Fire Ins. Co.,* (Ind.), 85 N. E. 703, is as follows:

> "Mere receipt of a proposed policy by insured, to determine whether he will accept it, does not complete the contract; the completion of the contract not depending upon manual possession of the policy, but upon the parties' intent, as shown by their acts or agreements."

In its opinion in this case, the court stated:

"We take it that appellant cannot successfully contend that there was a concluded engagement for the policy, so long as he cannot point to an undertaking, express or implied, on the part of anybody to pay therefor. Responsibility for the risk must find a correlative in some one's liability for the premium, and, so far as any negotiation between the company and Stanton & Stanton is concerned, the whole evidence plainly shows that they had not incurred even a contingent obligation to pay the policy. The mere receiving of a policy by a person proposed to be insured, for the purpose of determining whether he will accept it, is not sufficient to conclude the contract. *Nutting* v. *Minnesota, etc. Co.,* 98 Wis. 26; 73 N. W. 432. As is said in 16 Am. and Eng. Ency. of Law (2nd Ed.) 855: "Whether an insurance policy has or has not been delivered, after its issuance, so as to complete the contract and give it binding effect, does not depend upon its manual possession by the assured, but rather upon the intention of the parties, as manifested by their acts or agreements. The manual possession of the thing which it is intended to deliver is a matter of little consequence. Such a possession may exist without any legal delivery, and it may not exist where a legal delivery has been effected. The controlling question is, not who has the actual possession of the policy, but who has the legal right of possession.""

We think the facts in the case now before us bring it clearly within the principles of law stated in the Indiana case.

"As the risk is also an essential element of the contract, no premium is due unless the risk attaches, this being an implied condition." Joyce on Insurance, par. 1087.

In consideration of all which, we find no error in the judgment of the circuit court.

*Affirmed.*